UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:06CV01110ERW |
| WALLIS PETROLEUM, L.C., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant's Motion for Scheduling Conference [doc. #24] and Plaintiff's Motion to Enforce Settlement Agreement [doc. #25]. A hearing was held on April 25, 2007, and the Court heard arguments from the parties on the Motions.

In April 2006, Defendant Wallis Petroleum, L.C., ("Defendant" or "Wallis") purchased the automotive service station ("the station") located at 981 South Skinker Boulevard St. Louis, Missouri from Plaintiff BP Products North America Inc., ("Plaintiff" or "BP"). The Station displays a large sign that incorporates the AMOCO and Torch and Oval Design mark ("AMOCO sign"). Plaintiff claims that Wallis asked BP not to remove the AMOCO sign because it believed it could secure the necessary municipal approval to replace the AMOCO sign with the BP and Helios Mark ("BP sign"). Plaintiff claims that at the closing Wallis refused to sign the document memorializing their agreement. Plaintiff subsequently filed this trademark infringement action under the Trademark Act of 1946, as amended, 15 U.S.C. §1051 *et seq.*, alleging that Defendant continues to display the AMOCO sign at the station without Plaintiff's authorization and has refused to provide Plaintiff access to the station to remove the sign.

At the hearing on this matter, Plaintiff's counsel represented that on September 11, 2006,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the parties met by teleconference, in the absence of counsel, and orally agreed to the principal terms of a settlement and also agreed to continue negotiating the additional terms of a formal settlement document. As evidence of the parties' intent to enter into a settlement agreement, Plaintiff's counsel noted that the parties filed a joint Motion to Pass the Case for Settlement on September 19, 2006.

Subsequently, documents were prepared by the attorneys and circulated for comments. Plaintiff's counsel claims that in the process of drafting the formal settlement agreement, he discovered that the parties had not discussed a contingency plan in the event the parties were unable to obtain municipal approval to replace the AMOCO sign. According to Plaintiff's counsel, Defendant's counsel would not agree to the new terms addressing the contingency nor to the prior agreement concerning the AMOCO sign replacement, unless Plaintiff agreed to pay Defendant $50,000 in attorneys' fees. On March 20, 2007, Plaintiff filed a Motion seeking to enforce the settlement agreement regarding the AMOCO sign replacement. The motion includes a declaration by John Underwood, portfolio manager for BP, setting forth his understanding of the negotiations with Defendant concerning the principal terms of the settlement. *See* Mem. in Supp. of Pl.'s Mot., Ex. 1

In response to Plaintiff's Motion, Defendant claims that the September 11, 2006 telephone conference was not intended to result in nor resulted in a legally enforceable settlement as to all material terms. Rather, according to Defendant, the September 11 conference initiated settlement talks. As evidence of the parties' intent to continue negotiating material terms of the settlement, Defendant points to the subsequent drafts agreements and correspondences exchanged between counsel after the September 11 meeting. Defendant states that after a lengthy period of extensive

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

negotiations, the parties failed to reach a meeting of the minds, and therefore, there was no settlement.[1]

This Court has the inherent power to enforce a settlement agreement entered into by the parties in a pending case. A settlement agreement is a contract. *Randall v. Harmon*, 761 S.W.2d 278 (Mo. Ct. App. 1998). To have legal validity a compromise settlement must possess the essential elements of any other contract.[2] *Randall*, 761 S.W.2d at 279. Once parties have settled a dispute and have agreed to settlement terms, the parties cannot rescind it. *Caleshu v. Merrill Lynch*, 737 F. Supp. 1070, 1086 (E.D. Mo. 1990). In order to determine whether the parties intended to be bound by the settlement prior to the execution of the written documents, a court must consider the course of negotiations, agreement on material terms, whether the parties described the settlement as such, and whether any existing disagreements were merely technicalities. *Id*. (quoting *Leon Industries, Inc. v. I.C.N. Pharmaceuticals*, 472 F. Supp. 1241, 1242 (E.D. Mo. 1979)). Under Missouri law, "a motion to enforce settlement is a collateral action which imposes on the party seeking specific performance 'the burden of proving, by clear, convincing and satisfactory evidence, his claim for relief.'" *Stewart v. M.D.F., Inc.*, 83 F.3d 247, 251-52 (8th Cir. 1996) (citing *Randall*, 761 S.W.2d at 278).

---

[1] In Defendant's Motion for Scheduling Conference, Defendant requests that the Court enter a Case Management Order in this action.

[2] The essential elements of an enforceable contract are parties competent to contract, a proper subject matter, legal consideration, mutuality of agreement, and mutuality of obligation. *Tower Props. Co. v. Allen*, 33 S.W.3d 684, 688 (Mo. Ct. App. 2000) (citing *L.B. v. State of Comm. of Psychologists*, 912 S.W.2d 611, 617 (Mo. Ct. App. 1995)). The term "mutuality of agreement" implies a mutuality of assent by the parties to the terms of the contract. The nature and extent of a contract's essential terms which form the basis of the parties' mutual assent must be certain or capable of being certain. *Id*. at 688.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Though the parties discussed settlement at the September 11 meeting, the Court believes that, at that time, the material terms of the agreement were incomplete and that the parties did not conclude the meeting with full agreement that a settlement had been reached. After the meeting, counsel for the parties, who were not present at the meeting, circulated drafts, modified existing terms, and introduced additional substantive terms to the proposed agreement. *See* Randall, 761 S.W.2d at 279 ("A contract is not complete until the proposition of one is presented to the other and accepted as presented. The acceptance of a proposition presented by one must be accepted by the other in the form tendered, and if the acceptance adds to or alters the proposition made, then neither party is bound.") (internal citations omitted).

Further, the parties reached an impasse in the negotiation of certain material terms of the settlement. For example, the parties were unable to agree on their respective rights and obligations in the event the City denies the parties' request to replace the AMOCO sign with a BP sign. The Court disagrees with Plaintiff that this matter is simply a subsidiary issue. As Defendant points out, to date, the parties have not received the City's verbal or written approval for the replacement. If the Court were to enforce the settlement agreement Plaintiff proposes, the parties would have no recourse if the City denied the parties' request. The Court, therefore, cannot characterize the disagreement on this matter as a mere technicality and the absence of terms in the agreement to address this matter further indicates to the Court that the parties did not intend the September 11 telephone conference to result in a legally enforceable settlement agreement. Thus, the Court finds that Plaintiff has not overcome its burden of establishing by clear, convincing and satisfactory evidence that it is entitled to the requested relief.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Enforce the Settlement Agreement is **DENIED** [doc. #25].

**IT IS FURTHER ORDERED** that Defendant's Motion to Set a Scheduling Conference is **GRANTED** [doc. #24]. An Order setting the Rule 16 Conference shall issue forthwith.

So Ordered this 27th day of April, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com